UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:18-cv-00325-FDW

| NORMAN D. CHURCH, | ) | |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | **ORDER** |
| JOHN SAPPER, | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court upon Petitioner Norman D. Church's pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.)

## I. BACKGROUND

Petitioner is a prisoner of the State of North Carolina who pled guilty, pursuant to a plea agreement, in Cleveland County Superior Court to one count of possession of a firearm by a convicted felon and one count of having attained habitual felon status. The trial court sentenced him to an active term of 66-91 months' imprisonment. Judgment was entered on January 3, 2017. Petitioner did not file a direct appeal. (§ 2254 Pet. 1-2, Doc. No. 1.)

According to the brief in support of his § 2254 Petition, "[o]n or about April/May of 2017" Petitioner was taken back to Cleveland County Superior Court for what he characterizes as an "informal hearing" where he was re-sentenced for the same offenses. (Pet'r's § 2254 Br., Doc. No. 1-2 at 5.) He again received a sentence of 66-91 months' imprisonment. (Doc. No. 1-2 at 5.) Petitioner did not appeal this second judgment.

Next, Petitioner filed a § 2254 Petition in this Court on July 23, 2018, raising due process and double jeopardy claims. See § 2254 Pet., Church v. Daniels, No. 1:18-cv-00214-FDW

1

(W.D.N.C.), Doc. No. 1.  The Court dismissed the petition without prejudice because Petitioner had not exhausted his state court remedies.  See Order Dismiss. § 2254 Pet., id. at Doc. No. 2.

Petitioner then filed a petition for writ of habeas corpus in the trial court on August 3, 2018, and after it was denied, he filed a motion for appropriate relief ("MAR") in the trial court on September 17, 2018.  (§ 2254 Pet. 3-4).  He states the MAR was denied but provides no date for the trial court's decision.  According to Petitioner, he has not sought certiorari review of the trial court's denial of his MAR in the North Carolina Court of Appeals because he has "received no cooperation from [his] court with the information to file the proper writs to the higher courts." (§ 2254 Pet. 5).

Petitioner filed the instant § 2254 Petition on November 6, 2018, when he signed it under penalty of perjury and placed it in the prison mailbox (§ 2254 Pet. 15).  See Houston v. Lack, 487 U.S. 266, 267 (1988).  Petitioner raises a single ground for relief alleging he was sentenced twice for the same offenses in violation of his due process rights and the Double Jeopardy Clause.  (Doc. No. 1-2 at 4-6.)

**II.    STANDARD OF REVIEW**

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which directs district courts to dismiss habeas petitions when it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief.  Rule 4, 28 U.S.C.A. foll. § 2254.  In conducting its review under Rule 4, the court "has the power to raise affirmative defenses sua sponte," including a statute of limitations defense under 28 U.S.C. § 2244(d).  Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002).  The court may dismiss a petition as untimely under Rule 4, however, only if it is clear that the petition is untimely, and the petitioner had notice of the statute of limitations and addressed the issue.  Id. at 706–707.

**III. DISCUSSION**

The Antiterrorism and Effective Death Penalty Act of 1996 provides a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The petition must be filed within one year of the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. The limitations period is tolled during the pendency of a properly filed state post-conviction action. 28 U.S.C. § 2244(d)(2).

Because the Court is dismissing the instant Petition on initial review, it assumes as true that a new judgment was entered in Petitioner's state criminal case, rather than a corrected judgment to fix clerical errors or something similar. Petitioner's non-specific "[o]n or about April/May 2017" covers a period of 61 days, so the Court will give him the maximum possible leeway and assume the second judgment was entered on May 31, 2017. To the extent he retained the right to a direct appeal, Petitioner then had 14 days to file a notice of appeal in the North Carolina Court of Appeals. See N.C. R. App. P. 4(a)(2). Because he did not file a direct appeal, Petitioner's conviction became final on or about June 14, 2017, when the time for seeking direct review expired. See § 2244(d)(1)(A).

The federal statute of limitations then ran for 365 days until it fully expired on or about

3

June 14, 2018, more than a month before Petitioner filed his first § 2254 petition. Neither his federal habeas petition nor his subsequent state court filings served to resurrect or restart the federal statute of limitations. See e.g., Minter v. Beck, 230 F.3d 663, 665–66 (4th Cir. 2000) (recognizing that state applications for collateral review cannot revive an already expired federal limitations period). Consequently, the instant habeas Petition is time-barred pursuant to § 2244(d)(1)(A), unless Petitioner can demonstrate that statutory tolling under one of § 2244(d)(1)'s other subsections or equitable tolling should apply.

Petitioner contends the statute of limitations should be tolled under § 2244(d)(1)(D), which provides that a § 2254 petition must be filed within one year of "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," id. (§ 2254 Pet. 14.) According to Petitioner, he wrote to North Carolina Prisoner Legal Services ("NCPLS") in September 2017 about the validity of his sentences and the process under which the second sentence was imposed. NCPLS responded in October 2017, warning that challenging the second sentence could result in more severe sentencing consequences for Petitioner. Petitioner then sought out "alternative resources of information" until "November/December" 2017 when he discovered "the lawful facts" with respect to his sentence. Petitioner "immediately" began his "preparations for litigation" and in June 2018, "sent for" § 2254 forms "to start litigation." No forms were sent to him, however, and on July 11, 2018, he again "sent for" forms, and upon their receipt he "immediately" completed and submitted them. (§ 2254 Pet. 14.)

The facts alleged in the instant Petition preclude statutory tolling under § 2244(d)(1)(D). That section concerns the date on which the *factual* basis of the claim could have been discovered through reasonable diligence, not the date on which the *legal* basis of the claim could

4

have been discovered. See id. Here, the factual basis of the claim – that Petitioner was re-sentenced to 66-91 months' imprisonment almost five months after having received the same sentence for the same offenses – was known to him, or could have been discovered through reasonable diligence, on the date of his re-sentencing. While he may not have discovered the legal basis on which to challenge the resentencing until "November/December" 2017, Petitioner's statute of limitations had already begun to run. See § 2244(d)(1)(D).

Nor is Petitioner entitled to equitable tolling of the statute of limitations. Equitable tolling is available only when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). Under Fourth Circuit precedent, equitable tolling is appropriate in those "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)) (internal quotation marks omitted).

Here, it is evident Petitioner has not been pursuing his rights diligently. He did not try to appeal his second sentence, and he waited at least three months after his second sentencing to contact NCPLS. Even after purportedly discovering in "November/December "2017 that he had a legal claim, Petitioner waited until June 2018 to "send for" § 2254 forms from some unidentified source. He provides no explanation for that delay except that he was "preparing for litigation." As previously explained, that preparation did not include seeking post-conviction relief in the state courts, a step generally required before filing a federal habeas petition. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Finally, Petitioner may not rely upon his

5

ignorance of the law to excuse his lack of diligence. "[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (citing Cross-Bey v. Gammon, 322 F.3d 1012, 1015 (8th Cir. 2003) ("[E]ven in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted."); United States v. Riggs, 314 F.3d 796, 799 (5th Cir. 2002) ("[A] petitioner's own ignorance or mistake does not warrant equitable tolling . . . ."); Delaney v. Matesanz, 264 F.3d 7, 15 (1st Cir. 2001) (rejecting the argument that a pro se prisoner's ignorance of the law warranted equitable tolling); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) (same)).

## IV. CONCLUSION

The § 2254 Petition is untimely under § 2244(d)(1)(A), and Petitioner is not entitled to equitable tolling. Accordingly, the Petition is time-barred and shall be dismissed as such.

**IT IS, THEREFORE, ORDERED** that:

1) The Petition for Writ of Habeas Corpus (Doc. No. 1) is **DISMISSED** as untimely, see 28 U.S.C. § 2244(d)(1)(A); and

2) Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable,

and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: December 17, 2018

Frank D. Whitney
Chief United States District Judge